[No. 22064. Department Two. January 9, 1930.]

SPRAGUE-SELLS CORPORATION, *Appellant*, v. B. T. Mc-CAULEY *et al.*, *Respondents.*[1]

*Henry N. Martin*, for appellant.

*Patterson & Davis*, for respondent.

[1]Reported in 283 Pac. 686.

FRENCH, J.—Sometime in the spring of the year 1926, the Tonasket Canning Company was incorporated. Thereafter this corporation purchased from appellant, Sprague-Sells Corporation, a large amount of machinery aggregating in value more than ten thousand dollars. One carload of machinery was ordered, as shown by the exhibits, on April 13, 1926. In this transaction of ordering machinery, the Tonasket Canning Company was represented by Mr. Wayte. There had been some correspondence between the parties prior to the date when the first carload of machinery was ordered, and on March 30, 1926, the following telegram was sent by appellant to Mr. Wayte:

"Chicago, Illinois, March 30.
"Mr. W. J. Wayte,
"In view circumstances explained your letter March twenty-sixth will make terms one third cash on delivery balance to be covered by note or notes due not later than December thirty-first nineteen hundred twenty-six stop. Forward order immediately if must have prompt shipment.
"Sprague Sells Corporation."

The machinery contained in this car was shipped to the Tonasket Canning Company and was billed as follows:

"SPRAGUE-SELLS CORPORATION
"Hoopeston, Illinois
"Charge to Tonasket Canning Co.
"Town and state: Tonasket, Washington.
"Terms: ⅓ cash on delivery; balance due December 31, 1926, to be covered by note or notes."

This machinery was received by the canning company on June 23, was shortly thereafter unloaded and placed in its building ready for operations.

On July 2, 1926, a letter was written by appellant reading as follows:

162

"Hoopeston, Illinois, July 2, 1926.
"Tonasket Canning Company,
"Tonasket, Washington.
"Gentlemen: If you will refer to the Hoopeston June 1 statement, you will note our account as of May 29 was $8,500.53. Your check and note should be forthcoming and we will greatly appreciate your giving this matter your attention.
"Yours very truly,
"SPRAGUE-SELLS CORPORATION,
"Ogden S. Sells, President."

Thereafter, and during the first week of August, 1926, there was received by the Tonasket Canning Company another shipment of machinery consisting principally of two continuous agitating cookers, of different sizes, the two cookers being valued at some $3,300. On receipt of the last mentioned machinery, there was executed between the appellant and the Tonasket Canning Company a contract denominated a lease agreement covering not only the last mentioned property, but all the property theretofore sold and delivered, and which leasehold agreement provided that, if, at the end of the term of the lease or any extensions thereof, the canning company had fulfilled its covenants and agreements and made the payments provided as evidenced by certain promissory notes, appellant would execute a good and sufficient bill of sale of the above described property upon request.

Thereafter, and sometime in 1927, respondents Silver & Furey, Incorporated, had issued a writ of attachment in a suit against the Tonasket Canning Company, and attached the personal property hereinbefore described. The appellant, by proper proceedings, made claim thereto, and the trial court found that the lease with an option to purchase was, as to the machinery shipped and delivered on June 23, void as to subsequent attaching creditors, and that, having been duly

filed of record in the office of the auditor of the proper county, was good under our conditional sales statute as to the machinery delivered at or about the time of the execution of the lease; made proper findings, conclusions and entered a decree, and this appeal follows.

We think the record clearly shows that the finding of the trial court that the first carload of machinery was sold on credit was correct. The letter above quoted so indicates, the bill rendered so indicates, and the billing of the machinery shows that it was sold for one-third cash, balance to be covered by notes. The goods were shipped from the state of Illinois, received by the Tonasket Canning Company and placed in their buildings long prior to the execution of the lease agreement.

Under Rem. Comp. Stat., § 3790, relative to conditional sales contracts and leases containing conditional rights to purchase, this lease agreement not having been executed at the time the first machinery was delivered, and possession thereof being in the canning company long prior to its execution, was void as to respondents in so far as the first machinery was concerned. *Automotive Collateral Co. v. Beckman,* 152 Wash. 534, 278 Pac. 417.

As to the lease agreement, it was found by the trial court to have been valid and binding, properly executed and timely filed for record, and no exceptions being taken to any of the findings of fact, conclusions of law or judgment by respondent, we have not considered the cross-appeal.

Judgment affirmed.

MITCHELL, C. J., FULLERTON, HOLCOMB, and MAIN, JJ., concur.